# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**PHILLIP BAILEY,**

         **Petitioner,**

   v.              Case No. 20-CV-211

**STEVEN R. JOHNSON,**

         **Respondent.**

## DECISION AND ORDER

**1. Background**

A jury found Phillip Bailey guilty of possessing a firearm after having been convicted of a felony. (ECF No. 8-1 at 2.) The court of appeals affirmed his conviction, *State v. Bailey*, 2018 WI App 54, 383 Wis. 2d 784, 918 N.W.2d 643, 2018 Wisc. App. LEXIS 628, and the Wisconsin Supreme Court denied his petition for review (ECF No. 8-8).

He seeks habeas relief under 28 U.S.C. § 2254 on the ground that there was insufficient evidence to sustain his conviction. In his view, the jury's verdict was inconsistent because it acquitted him of a separate charge of disorderly conduct while armed. (ECF No. 1 at 6.)

**2. Standard of Review**

A federal court may consider habeas relief for a petitioner in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §2254(a). Following the passage of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court is permitted to grant relief to a state petitioner under 28 U.S.C. § 2254 only if the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2). This is a "stiff burden." *Jean-Paul v. Douma*, 809 F.3d 354, 359 (7th Cir. 2015). "The state court's ruling must be 'so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Id.* (quoting *Carter v. Douma*, 796 F.3d 726, 733 (7th Cir. 2015)); *see also Harrington v. Richter*, 562 U.S. 86, 102 (2011).

"Clearly established federal law" refers to a holding "of the United States Supreme Court that existed at the time of the relevant state court adjudication on the merits." *Caffey v. Butler*, 802 F.3d 884, 894 (7th Cir. 2015) (citing *Greene v. Fisher*, 132 S. Ct. 38, 44 (2011); *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A decision is 'contrary to' federal law if the state court applied an incorrect rule—*i.e.*, one that 'contradicts the

governing law' established by the Supreme Court—or reached an outcome different from the Supreme Court's conclusion in a case with 'materially indistinguishable' facts." *Id.* (quoting *Williams*, 529 U.S. at 405-06). A decision involves an unreasonable application of federal law if the state court identified the correct governing principle but applied that principle in a manner with which no reasonable jurist would agree. *Id.*; *see also Lockyer v. Andrade*, 538 U.S. 63, 75-76 (2003). "A court's application of Supreme Court precedent is reasonable as long as it is 'minimally consistent with the facts and circumstances of the case.'" *Williams v. Thurmer*, 561 F.3d 740, 743 (7th Cir. 2009) (quoting *Schaff v. Snyder*, 190 F.3d 513, 523 (7th Cir. 1999)).

"Even a clearly erroneous state court decision is not necessarily an unreasonable one." *Miller v. Smith*, 765 F.3d 754, 760 (7th Cir. 2014). Thus, a federal court could have the "firm conviction" that a state court's decision was incorrect but, provided that error is not objectively unreasonable, nonetheless be required to deny the petitioner relief. *Lockyer*, 538 U.S. at 75-76.

3. **Analysis**

As recounted in the court of appeals' decision, the state presented evidence that the charges against Bailey stemmed from events on May 29, 2014. *Bailey*, 2018 WI App 54, ¶ 2. PN was the grandmother of SB's child. *Id.*, ¶ 5. SB was Bailey's girlfriend. PN went to SB's apartment and sought to see her grandchild. *Id.* Bailey refused and threatened to shoot PN. *Id.* PN returned to her apartment in the same building and

heard a gunshot. *Id.* She went to her balcony and saw Bailey in the parking lot firing a handgun into the air. *Id.* After firing off about ten rounds, Bailey put the gun in the trunk of SB's car and drove away in the car. *Id.*

Police arrived, and shortly thereafter Bailey returned in SB's car. *Id.* ¶ 6. Officers searched the car and found a nine-millimeter handgun in the trunk along with nine-millimeter ammunition. *Id.* Investigators also recovered nine-millimeter casings from the parking lot, which were matched to the firearm recovered from the trunk. *Id.*

Officers arrested Bailey. While in jail Bailey called SB and asked her to say that the gun was hers. *Id.* ¶ 7. SB refused and testified that she had never owned a gun and refused to say otherwise because she was afraid that she would be charged with making a false statement. *Id.* ¶ 6.

In another recorded jail call shortly after investigators collected Bailey's DNA, Bailey asked another person if he had "wiped that joint down" and "do your thing our stuff's on there, my stuff's on there?" *Id.* ¶ 8. The person Bailey was talking to responded that Bailey was "the main one with it." *Id.* A police officer testified that in this context "joint" meant gun. *Id.*

The court of appeals rejected Bailey's argument that the evidence was insufficient, noting that the witness's testimony that Bailey fired off the gun would be enough to sustain the conviction. *Id.* ¶ 9.

4

"The applicable Supreme Court precedent regarding the sufficiency of the evidence is well established: 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Saxon v. Lashbrook*, 873 F.3d 982, 987-88 (7th Cir. 2017) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)).

The court of appeals' decision was consistent with this precedent. The court agrees that the testimony of PN, standing alone, was sufficient to sustain Bailey's conviction. The fact that PN was not wearing her glasses, denied that the gun recovered was the one she saw Bailey shooting, and described Bailey as wearing clothes different from those he was wearing when arrested were all matters for the jury to assess and weigh. A rational finder of fact could nonetheless credit PN's testimony that she saw Bailey with a gun, and such testimony was sufficient to sustain Bailey's conviction.

Nor does the court find the jury's decision to acquit Bailey of the disorderly conduct while armed charge to be inconsistent with its decision to convict him of possessing the firearm. One possible explanation is that the jury discredited PN's testimony but found the fact that the gun was recovered from the trunk of the car Bailey was driving as sufficient to show that he possessed it. The jury also could have reasonably concluded that in the recorded jail call Bailey was expressing concern that his DNA would be found on the gun. This could be understood as an admission to having possessed the gun.

The absence of proof of Bailey's fingerprints or DNA on the gun or box—one print was not clear enough for comparison and the DNA was from at least four people and too commingled to enable a match (ECF No. 17 at 6)—did not preclude the jury from finding that Bailey possessed the gun.

But even if the verdicts were inconsistent, it would not entitle Bailey to habeas relief. *United States v. Powell*, 469 U.S. 57, 62 (1984) ("Consistency in the verdict is not necessary. Each count in an indictment is regarded as if it was a separate indictment.").

In short, the evidence easily supported the jury's finding. Consequently, the court of appeals' decision affirming Bailey's conviction was not "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Nor did it "result[] in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Because the evidence presented at trial was constitutionally sufficient to sustain his conviction, the court must deny Bailey's petition for a writ of habeas corpus.

Finally, the court concludes that Bailey has failed to make a substantial showing of a denial of constitutional right. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. Therefore, the court will deny him a certificate of appealability.

**IT IS THEREFORE ORDERED** that Bailey's petition for a writ of habeas corpus is denied and this action is dismissed. The court denies Bailey a certificate of appealability. The Clerk shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 4th day of June, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge